**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| PANTECH CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>HMD GLOBAL OY,<br><br>Defendant, | Case No. 5:25-cv-00092-RWS-JBB<br><br>**JURY TRIAL DEMANDED** |

**UNOPPOSED MOTION TO LIFT STAY**

Plaintiff Pantech Corporation ("Pantech") respectfully moves the Court to lift the stay entered in this action on August 29, 2025 (Dkt. No. 10), and to set a deadline for Defendants HMD Global Oy ("HMD" to answer or otherwise respond to the Complaint. The stay was entered pending final resolution of proceedings before the U.S. International Trade Commission, and those proceedings have concluded. HMD does not oppose this motion. In support, Pantech states as follows:

## I. BACKGROUND

1. On July 3, 2025, Pantech filed a complaint with the U.S. International Trade Commission ("ITC" or "Commission") under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, alleging that certain mobile cellular communications devices infringe U.S. Patent Nos. 9,548,839; 11,659,503; 11,051,344; and 12,267,876. The Commission instituted Investigation No. 337-TA-1456, Certain Mobile Cellular Communications Devices (the "ITC

Investigation"), on August 7, 2025, naming, among others, HMD Global Oy and HMD America, Inc. as respondents. 90 Fed. Reg. 38,177 (Aug. 7, 2025).

2. HMD moved, without opposition, to stay this action pursuant to 28 U.S.C. § 1659 (Dkt. No. 9). On August 29, 2025, the Court granted that unopposed motion and ordered that "[a]ll proceedings between Pantech Corporation and HMD Global Oy are hereby stayed pending the final resolution of proceedings between Pantech Corporation and HMD Global Oy before the U.S. International Trade Commission, Investigation No. 337-TA-1456." Dkt. No. 10.

3. On May 22, 2026, HMD and HMD America, Inc. moved to terminate the ITC Investigation as to them based on a consent order stipulation and proposed consent orders. Pantech did not oppose the motion, and on June 2, 2026, the Office of Unfair Import Investigations filed a response in support. *See* 91 Fed. Reg. 49,441, 49,442 (Aug. 4, 2026).

4. On June 30, 2026, the presiding Administrative Law Judge issued an initial determination, Order No. 25, terminating the ITC Investigation as to HMD and HMD America, Inc., finding that the consent order stipulation and proposed consent orders satisfied the requirements of Commission Rule 210.21(c)(3)–(4), 19 C.F.R. § 210.21(c)(3)–(4), and that termination would not be contrary to the public interest. *Id*. No petitions for review were filed. *Id.*

5. On July 30, 2026, the Commission determined not to review Order No. 25, issued consent orders to HMD and HMD America, Inc., and terminated the ITC Investigation in its entirety. *Id.* Notice of the Commission's determination was published in the Federal Register on August 4, 2026. *See* 91 Fed. Reg. 49,441 (Aug. 4, 2026).

## II. ARGUMENT

6. Section 1659(a) requires a district court, at a respondent's request, to stay claims involving the same issues as those before the ITC "until the determination of the Commission becomes final." 28 U.S.C. § 1659(a). This Court's stay order likewise extends only "pending the final resolution" of the proceedings between Pantech and HMD in the ITC Investigation. Dkt. No. 10.

7. Both conditions are now satisfied. The Commission determined not to review Order No. 25, issued consent orders to HMD and HMD America, Inc., and terminated the ITC Investigation in its entirety on July 30, 2026. No petitions for review were filed. The Commission's determination is therefore final, and the proceedings between Pantech and HMD before the Commission have been finally resolved. Because the condition of the stay has been satisfied, the stay should be lifted.

8. Pantech respectfully requests that, upon lifting the stay, the Court order HMD to answer or otherwise respond to the Complaint within twenty-eight (28) days of the Court's order lifting the stay. Pantech has conferred with counsel for HMD, and HMD does not oppose this proposed deadline. The Parties will submit a proposed Docket Control Order within fourteen (14) days of HMD's answer or other response to the Complaint.

## III. CONCLUSION

For the foregoing reasons, Pantech respectfully requests that the Court lift the stay entered on August 29, 2025 (Dkt. No. 10), and order HMD to answer or otherwise respond to the Complaint within twenty-eight (28) days of the Court's order.

Dated: October 29, 2026 Respectfully submitted,

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson
Kelly Tidwell
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd. (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
(P) (903) 792-7080
(F) (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

James A. Fussell, III
Jamie B. Beaber
Tiffany A. Miller
Clark S. Bakewell
Courtney Krawice
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000
jbeaber@mayerbrown.com
jfussell@mayerbrown.com
tmiller@mayerbrown.com
cbakewell@mayerbrown.com
ckrawice@mayerbrown.com

Graham (Gray) M. Buccigross
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

*Counsel for Plaintiff Pantech Corporation*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), counsel for the Parties conferred on October 8, 2026, on October 22, 2026, and again on October 23, 20026. Counsel for HMD was provided a copy of this motion and does not oppose the motion.

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2026, a true and correct copy of the foregoing was filed electronically with the Court's CM/ECF system, which will send notification of such filing to all counsel of record pursuant to Local Rule CV-5(a).

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson